## Case No. 10,303.

### In re NORRIS et al.

### [2 Hask. 74.] [1]

### District Court, D. Maine. July, 1876.

NEGOTIABLE INSTRUMENTS — BOND RECEIVED AS SECURITY WITHOUT NOTICE OF WANT OF TITLE —PROOF OF DEBT IN BANKRUPTCY—SURRENDER OF SECURITY.

1. A creditor, receiving a negotiable bond from his debtor as security for a loan, without notice of his want of title, acquires a valid title to the same as against the true owner.

2. Such creditor cannot treat the bond as security received from a third party and prove his whole debt in bankruptcy against the estate of his debtor.

3. He must either surrender the security to the assignee or forego the proof of its debt against the bankrupt's estate.

In bankruptcy. Proof of debt. Question certified by Mr. Register Fessenden. Can the Portland Savings Bank prove its debt against the estate of Norris, Hull & Co., bankrupts, without surrendering a negotiable bond received from them as security for their debt, without notice of their want of title, and now claimed to belong to the Portland Tenement House Company and to have been pledged by the bankrupts without authority so to do? [This case was previously before the court upon the matter of the proof of debt of John E. Donnell. Case No. 10,302.]

James T. McCobb, for creditor.

Charles P. Mattocks and Edward W. Fox, for assignee.

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

FOX, District Judge. The Portland Savings Bank offers proof of two claims against the firm estate for loans made the firm, secured by bonds of the Portland Tenement House Company. These bonds were negotiable and pledged to the bank by John T. Hull, one of the firm, in the firm's behalf, and at the time of the loan without notice of any failure of title. It is now claimed that these bonds were the property of the Portland Tenement House Company, and that John T. Hull, who was its treasurer, had no right to pledge them for the debts of Norris, Hull & Co. The bank, therefore, prays for leave to prove its whole debt against the bankrupt estate without deduction or surrender of its security; but this I am of opinion ought not to be allowed. The general principle undoubtedly is that a party, holding security other than the property of the bankrupt, may prove for his entire claim and retain his security. In re Cram [Case No. 3,343]; In re Norris [Id. 10.302]. But it seems to me that the present case is withdrawn from this rule by the fact that the savings bank has, through the bankrupts, acquired a valid title to·these securities. They were negotiated for value to the bank. The title of the bank became perfect; and however valid the title of the Tenement House Company might otherwise have been. it has, against the bank, lost its title which the bank has through the bankrupts acquired; and as between these parties, the bank, if it relies on this security, should be estopped to deny the title to have once been in the bankrupts, under whom its title has been acquired. Its whole dealings with these securities was with the bankrupts, as being their property, and its rights thereto were acquired from them and from no other party.

The bank. therefore, for this hearing, must either stand by and hold on to its security and apply it to the satisfaction of its demands, as it can do without being accountable to any other party, or if it prefer so to do, may surrender its security to the assignee as the representative of the party from whom it was received, and may then prove for the full amount of its claim. Whether the assignee can afterwards derive any benefit to the estate from this security must remain for future decision.

Register to follow this opinion.